EMILIE HARDER, Appellant, v. ST. LOUIS TRANSIT COMPANY.

**Division One, May 31, 1909.**

NO SUFFICIENT ABSTRACT: No Petition: No Judgment. Where neither the amended petition upon which the cause was tried, the verdict returned, nor the judgment rendered, is either set out or abstracted in the abstract, the court cannot hold that the trial court erred in sustaining defendant's motion for a new trial on the ground that its demurrer to the evidence should have been sustained; and all that can be done is to affirm the order granting a new trial.

Appeal from St.' Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

Affirmed.

*G. T. Priest* for respondent; *Boyle & Priest* of counsel.

Plaintiff's appeal in this cause should be dismissed and the trial court's action affirmed, for the following reasons: (a) Because the pleadings are not set out in the abstract, and because they are necessary to a review of a trial court's act in sustaining defendant's demurrer to the evidence. (b) Because the purported abstract fails to show that there was any verdict or judgment entered of record, or the amount of the verdict or judgment. (c) Because the abstract fails to show that an affidavit was filed and entered of record, or that plaintiff was allowed an appeal by order of court, or ·that there was any record entry showing an appeal was allowed. (d) Because the abstract fails to show that any bill of exception was allowed, signed and sealed by any court or ordered filed by any court or ·any entry record showing that any bill of exception was allowed, signed, sealed and ordered filed. (e) Appellant's appeal should be dismissed because the abstract fails to set out all the evidence *in haec verba.* Meriwether v. Howe, 48 Mo. App. 152; Mitchell v. Mitchell, 191 Mo. 477; McKinney v. Northcut, 114 Mo. App. 153; Nash v. Brick Company, 109 Mo. App. 600; Christopher v̇. White, 42 Mo. App. 430.

*A. R. Taylor* for appellant in reply.

The claim made by respondent that the appeal should be dismissed because the abstract is insufficient is untenable for the following reasons: (a) The abstract is a full compliance with Rule 13 of this court,

which rule governs on this question. It is printed in fair type, paged and indexed. It sets forth so much of the record as is necessary to a full and complete understanding of all questions presented to the court for decision. It sets forth the pleadings verbatim though there was no question made on the pleadings, and it would have been sufficient to set forth only the substance. The evidence of witnesses is stated in narrative form except where questions are necessary to a complete understanding of the evidence. In such cases the questions and answers are given as required by the said rule. This is the requirement of the rule and the abstract is in conformity to the rule, and if so the whole of the contention for dismissal of the appeal is untenable and frivolous. (b) To particularize these contentions of respondent and the answers thereto, respondent first contends that the abstract fails to show the petition on which the trial was had and chooses to think that the amendment on the trial of the petition by interlineation required the filing of a new petition, but this petition as amended by interlienation on the trial February 14, 1906, is set forth *in haec verba* on pp. 1-2-3 of abstract, and the abstract so shows as follows: "The petition as amended in this cause filed August 16, 1904, follows." To this petition, as so amended, the respondent, as shown by the abstract at page 3 of abstract, on February 14, refiled its amended answer, and this is set out *in haec verba* on pp. 3-4 of abstract. The reply to the amended answer was filed February 14, 1906, and the abstract, p. 5, shows this. Thus, the record or abstract shows that there was a joinder of the issues of fact, and any objection to the petition except for want of jurisdiction of the court over the subject-matter, or that the petition failed to state a cause of action, was waived. Sec. 602, R. S. 1899; White v. Railroad, 202 Mo. 561. (c) The next ground of said motion is that the abstract fails to show that there was any verdict or judgment

entered of record. The complaint does find in the abstract the words "trial progressed and finished and verdict and judgment for plaintiff." But complainant urges that it does not appear that the judgment was entered of record. What does the court understand from such an abstract of the record? Is not this sufficient to inform the court that a verdict and judgment for the plaintiff was rendered as required by the rule? We think so. But again, in compliance with the statute, Sec. 813, R. S. 1899, there is filed in this court "a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered." The petition shows that this action is for a penalty of five thousand dollars; and that, therefore, that sum is necessarily involved and no less can be involved. The jurisdiction of the cause must be in this court. Casey v. Railroad, 205 Mo. 721. Therefore, this contention for the motion is answered in that the abstract shows that the verdict and judgment were for the plaintiff. That the cause on any appeal must be within the jurisdiction of this court because the penalty is five thousand dollars. That the certified copy of the judgment is filed in this court as the transcript.

GRAVES, J.—Plaintiff instituted this action in the circuit court of the city of St. Louis to recover the sum of five thousand dollars for the alleged negligent killing of her husband, Max A. Harder, by defendant, St. Louis Transit Company. Upon a trial at the February term of said court for the year 1906, the record discloses that a verdict of some kind was returned in favor of plaintiff, and on said verdict a judgment of some kind was entered. The amount of this verdict and judgment nowhere appears in this record. After setting out the pleadings, the abstract says:

221 Sup—12

"February 13, 1906, February term, 1906, jury sworn in this cause and cause laid over to February 14 at said term of this court.

"February 14, 1906, at said term, plaintiff amends petition by interlineation, by leave of court.

"Amended answer refiled as above set out, reply filed as above set out, trial progressed and finished and verdict and judgment for plaintiff."

It then appears that upon motion for new trial being filed by the defendant, the trial court sustained the same by the following order of record:

"The court having heard and duly considered the defendant's motion for a new trial, heretofore filed and submitted herein, doth order that said motion be and the same is hereby sustained on the grounds that the court erred in failing and refusing to give, 1st, at the close of plaintiff's evidence, the peremptory instruction in the nature of a demurrer to the evidence, asked by the defendant and marked 'A,' and 2nd, in failing and refusing to give at the close of all the evidence, the peremptory instruction in the nature of a demurrer to the evidence and marked 'B,' and, 3rd, because the court erred in permitting the case to go to the jury."

From this order the plaintiff has appealed.

It will be observed that the petition was amended on February 14, 1906, during the trial.

In the first part of the abstract, and on page one thereof, we find the following: "The petition as amended in this cause, filed August 16th, 1904, follows:" Following this statement in the abstract is a copy of a petition brought to the October term, 1904, of the circuit court in the city of St. Louis. As to what the petition was after its amendment on February 14, 1906, not one word is found in the record. The petition, therefore, upon which the cause was actually tried and submitted is not in the record at all. To what extent this amend-

ment by interlineation changed the former petition we have no means of ascertaining.  Whether the evidence introduced supported the allegations of this amended petition we have no way of knowing, yet we are asked to say that the trial court was in error when it concluded that a demurrer to the testimony should have been sustained.  In other words we are not advised from this record what the petition upon which the trial was had really was, nor what in fact was the verdict and judgment except that the verdict and judgment were for plaintiff.  The proof offered might have been at variance with the allegations of the last amended petition.  It might have totally failed to have sustained the allegations thereof.  A demurrer to the testimony raises the question as to whether or not the proof sustains the allegations of the petition, and we cannot determine this fact without having before us the petition upon which the cause was tried.  It might also be well to remember that when we reverse an order granting a new trial to defendant, where plaintiff has had a verdict and judgment in the first instance, our action reinstates such verdict and judgment, but we would feel loath to so do unless we were apprised by the record as to the amount and character of the verdict and judgment.  We might surmise in this case that it was for $5,000, but it would be a mere surmise, because the record gives us no light upon the question.  Under this state of the record there is nothing to be done but to affirm the order and judgment granting the new trial, and it is affirmed.

All concur.